THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANDRE STEVENS *et al.*, Defendants-Appellants.

First District (4th Division)    Nos. 80-611, 80-612 cons.

Opinion filed December 23, 1981.

Ralph Reubner and Steven Clark, both of State Appellate Defender's Office, of Chicago, for appellants.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Dean C. Morask, and Raymond F. Brogan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

After a jury trial, defendants, Andre Stevens and Robert Norwood, were found guilty of robbery. (Ill. Rev. Stat. 1977, ch. 38, par. 18—1.) Norwood was sentenced to 3 years imprisonment. Stevens received a sentence of 6 years imprisonment. Defendants appeal.

The sole issue for our determination is whether defendants are deprived of arguing that the trial court erred when it denied discovery of alleged work product material, since counsel, on appeal, is precluded from examining said material to determine whether in fact it is work product. We affirm.

The pertinent facts of the case are summarized as follows. Dean Fetchmeyer testified that on December 22, 1979, in the early morning hours, he and Mark Bielski had come to Chicago from Milwaukee, Wisconsin. They were approached by defendants and a third man on the corner of Division and Dearborn Streets in Chicago. Fetchmeyer and Bielski asked the men if they knew where to get alcoholic beverages. One of the defendants answered affirmatively, and they walked together for approximately 10 minutes, stopped, and again talked briefly. Then, Stevens hit Fetchmeyer on his forehead to the right side with a board while Norwood took his wallet. As Stevens swung the board at Fetchmeyer again, Bielski blocked the blow. After defendants fled, the police arrived. Bielski and Fetchmeyer entered the police car; the officers drove them approximately one block, where they saw two other policemen walking defendants toward them. Fetchmeyer informed the officers that those were the men who had committed the robbery.

During the cross-examination of defendant Norwood, the prosecutor used information from a felony review folder. Defense counsel requested a sidebar and asked the court to determine whether there were any notations in the folder concerning statements Norwood may or may not have made. Counsel asked the court for an *in camera* inspection to determine whether any of the material in the file jacket was discoverable. Counsel further sought discovery of any portion of the file which contained a statement made by defendant Norwood.

The prosecutor's response indicated that he was using the felony review folder to refresh his recollection as to specifics of Investigator Paul Carroll's testimony which was summarized by the State's Attorney. The prosecutor argued that it was hearsay, work product, and nondiscoverable; he had no objection to the court conducting an *in camera* inspection of the material.

The court inspected the folder and read the relevant information into the record. Defense counsel requested a copy of what the court read. The judge stated that he would give counsel a handwritten copy of it. Defense counsel refused to accept a handwritten copy. The court denied defense's request for a photocopy of the document. Defense's request that the State preserve the document so that it would become a part of the record was granted.

Defendants contend the trial court erred in ruling that the documents in question were work product. Further, defendants contend they are denied the opportunity to argue this point here when counsel, on appeal, is precluded from examining the material to determine whether it is in fact work product. The State maintains that the defense has no right to inspect confidential communications of the office of the State's Attorney, and that defendants have been afforded a hearing on this matter as provided under Illinois Supreme Court Rules (Ill. Rev. Stat. 1979, ch. 110A, par. 415(f)).

■■ The determination of whether material is discoverable and subject to disclosure is a judicial decision. It is well established that opposing counsel has no right to examine disputed material that the court has reviewed *in camera* and determined to be nondiscoverable. See *People v. Jenkins* (1975), 30 Ill. App. 3d 1034, 333 N.E.2d 497.

■■ In the case at bar, the trial court fully disclosed to defense counsel the relevant discoverable portion of the State's file. (Ill. Rev. Stat. 1979, ch. 110A, par. 415(e).) Material that was determined to be work product was excised. The procedure followed by the trial court adequately protected defendants' rights to a fair trial and at the same time protected the State from unnecessary disclosure of all of its confidential files. *People v. Ator* (1976), 37 Ill. App. 3d 304, 309, 345 N.E.2d 211, 215.

The trial court's decision that the documents were work product is not, as defendants contend, a decision more appropriately made by defense counsel. If that were the case, the purpose of *in camera* inspections would be vitiated. (*People v. Jenkins* (1975), 30 Ill. App. 3d 1034, 1043, 333 N.E.2d 497, 504.) We also note that an inspection of the files by opposing counsel is not required at any level.

Finally, defendants assert that the appellate court's refusal to grant defense counsel an examination of the disputed material deprives defense counsel, on appeal, of his argument that the trial court's ruling relating to the disputed material was erroneous. Defendants suggest that the State's interest in maintaining the confidential nature of documents is not present here in the reviewing court. Further, if counsel is allowed to review the disputed material, and if the trial court is reversed, the court has contempt powers that may be used against defense counsel in the event he misuses the privileged information.

We disagree with defendants' assertion. We are inclined to follow the holding of *People v. Jenkins* (1975), 30 Ill. App. 3d 1034, 1042-43, 333 N.E.2d 497, 504, which stated:

> "The Supreme Court Rules on criminal appeals (Ill. Rev. Stat. 1973, ch. 110A, pars. 601-661) make no provision for the procedure to be used by the reviewing court in examining material ruled by the trial court not to be subject to disclosure. However, the same considerations come into play here as in the trial court. To allow defense counsel to view the material on appeal before such time as it is ruled discoverable would also vitiate the purpose of *in camera* examinations."

Therefore, we hold that denying defendants access to the disputed material does not deprive them of their argument on appeal. We, as a reviewing court, have reviewed the material and find no error.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

ROMITI, P. J., and LINN, J., concur.